STATE v. TOWN OF RIVIERA.

197 So. 525
En Banc
Opinion Filed July 16, 1940

*Philip D. O'Connell,* for Appellant;

*Edward G. Newell* and *Whitfield & Whitfield,* for Appellee.

TERRELL, C. J.—This appeal is from a final decree validating an issue of waterworks revenue bonds of the town of Riviera. It is admitted that all essential proceedings leading up to the validating decree were complied with,

including the calling and holding the approving election of the freeholders.

It is contended that the validating decree was in error because; (1) The charter of the Town of Riviera did not clothe it with authority to issue revenue bonds. (2) The approving election of the freeholders was invalid because the Town of Riviera failed to make available the special registration required by Chapter 14715, Acts of 1931. (3) The award of the bonds as referred to in the resolution authorizing them was contrary to the requirements of the city charter.

The latter objection is predicated on the theory that the taxpayers were prejudiced by the use of the word "award" in the resolution authorizing the issue of the revenue bonds and the further fact that the bonds were sold prior to validation.

The use of the word "award" in the resolution was inept. It should have been "sale," but the latter word was so understood and was to all intents and purposes employed. It is admitted that the sale and every step required by the town charter to issue and sell the revenue bonds was complied with. There is no merit to the contention that taxpayers were adversely affected, because the sale was made before validation. It is shown to have been made subject to validation and that was sufficient.

Likewise there is no merit to the question challenging the authority of the town to issue said bonds. Section 1, Article V, of Chapter 18838, Acts of 1937, being the town charter, authorizes it to make provision for a water supply system and to issue bonds pledging the full faith and credit of the town to pay them.

The objection on this point appears to be that the bonds in question are called revenue bonds, payable from the in-

come derived from the waterworks plant and distribution system. It is not material by what name the bonds are called. The general power to issue them and pledge the full faith and credit of the town to pay them would certainly authorize their issue and payment from taxes or the income from the plant.

As to the objection that the bonds are invaild because the special registration required by Chapter 14715, Acts of 1931, was not observed, it is sufficient to say that Section 4 of Chapter 14715, Acts of 1931, is a complete answer to this objection. The record shows that the latter Act was complied with, and no one is here objecting on' this point.

The decree appealed from is without error and is affirmed.

Affirmed.

WHITFIELD, BROWN, BUFORD, CHAPMAN and THOMAS, J. J., concur.