**STATE OF FLORIDA v. SPECIAL TAX SCHOOL DISTRICT NUMBER SIX IN POLK COUNTY, FLORIDA: THE BOARD OF PUBLIC INSTRUCTION OF POLK COUNTY, FLORIDA, in its own behalf, as well as for and on behalf of Special Tax School District Number Six in Polk County, Florida, et al.**

8 So. (2nd) ,658                                        En Banc
June 16, 1942

L. Grady Burton, for appellant.

Clarence A. Boswell, Jr., for appellee.

CHAPMAN, J.:

Challenged on this appeal is the issuance of $12,500.00 of school bonds by Special Tax School District No. 6 of Polk County, Florida. The issuance thereof was approved and confirmed by the Circuit Court of Polk County on April 28, 1942. An election was held on March 10, 1942, pursuant to a resolution adopted by the Polk County School Board. The canvass of the votes disclosed that 263 freeholders of the School District voted for the issuance of the bonds, while 23 freeholders voted against the issuance and one vote for assigned reasons could not be counted. It is shown that 286 freeholders of District No. 6 of Polk County participated in the aforesaid election.

It is shown that the Supervisor of Registration of Polk County certified to the Inspectors and Clerk charged with holding the election on March 10, 1942, the names of the freeholders residing in said School District and eligible to vote. If 531 qualified freeholders resided in the District and of this number 286 participated by voting at the election on March 10, 1942, for or against the issuance by the School District of said bonds, then the several provisions of Section 6 of Article IX of the Florida Constitution have been observed and complied with. If, as admitted by counsel for the respective parties, all essential steps incidental and necessary to call and hold the election on March 10, 1942, have been followed then the validating decree of the chancellor below has put at rest all questions except the law controlling the office of Supervisor of Regstration of Polk County.

The evidence discloses that the Supervisor of Registration of Polk County registered 333 of the 531 qualified freeholders residing in the School District between the dates of February 18th to March 4th, 1942, inclusive. The Supervisor of Registration when registering the freeholder electors residing in the School District, observed and followed the several provisions of Chapter 14715, Acts of 1931, Laws of Florida. Section 5 of this Act provides that no elector shall be registered within five days prior to the date of holding such election in which the issue to be determined is whether the political unit involved shall issue bonds or shall not issue bonds. Chapter 20641, Acts of 1941, Laws of Florida, limited in its application to Polk County, and prescribing the duties of the Supervisor of Registration in opening and

closing registration book of said county within a designated period next to and prior to general and primary elections. Section 4 of the latter Act makes it the duty of the Supervisor of Registration to close the books containing the qualified voters of the county and not to permit or allow additional registrations within a period of twenty days next preceding the date or dates of holding general and primary elections.

It was the view of the lower court as expressed in the final decree that the several provisions of Chapter 14715 *supra* were applicable to and controlled elections called pursuant to law for the purpose of determining whether or not freeholders of the political unit were in favor of or against the issuance of bonds on the part of the political unit. Likewise Chapter 20641, *supra,* closed the books in the office of the Supervisor of Registration twenty days prior to special, primary and general elections and during this period it was unlawful to permit or allow voters to register and otherwise participate in said election. It is clear that there is a separate and distinct field of operation of the respective Acts and it was the duty of the Supervisor of Registration of Polk County to register freeholders up to five days prior to March 10, 1942, when the election was held in Special Tax School District No. 6 of Polk County. See State v. Town of Riviera, 143 Fla. 705, 197 So. 525.

The decree of validation is hereby affirmed.

BROWN, C. J., WHITFIELD, TERRELL, BUFORD, THOMAS and ADAMS, JJ., concurring.